## J. KAMAI *vs.* A. G. TRASK.

### Appeal from Commissioners of Ways.

### Hearing, April 25, 1890.   Decision, May 1, 1890.

### Judd, C.J., McCully and Bickerton, JJ.   Dole, J., Absent.

A. conveyed land to B. in 1869 by metes and bounds, describing one side
of the lot as bounded by a narrow lane. The same day A. conveyed
by metes and bounds to C. another lot on the other side of the lane,
describing it as bounded by the lane. A. still owned land in the rear
and had access to the street through this lane. In 1877 A. sold the
remainder of his land (what had not been conveyed to B. or C.) in-
cluding the lane, to the grantee of C. C. closed up the lane in 1888.

Held, that the grant of the lot by A. to B., describing it as bounded by
the lane, A. owning the lane, estopped A. and his grantees from deny-
ing the existence of the lane.

The award of the Commission of Private Ways, ordering the defendant C.
to re-open the lane, affirmed.

### Opinion of the Court, by Judd, C.J.

This case comes to us by the defendant's appeal from the
Commissioners of Private Ways, etc., for the district of Hono-
lulu.

It seems that on 6th August, 1869, one Keawekalohe, who
owned a piece of land at Kakaako, Honolulu, (described in
Land Commission Award, No. 3455), sold a portion of it to one
Kailua and on the same day sold another portion of it to one
James Wright. A lane was left between these two lots, and
each lot was described in the deeds of conveyance as bounded

by this lane.   Keawekalohe still owned the  rear  portion of the land from which the lots sold to Kailua and  Trask  were taken, and had access to the street through the lane.

The plaintiff, J. Kamai, is the owner,  by  title  not disputed, of the lot conveyed to Kailua.   In  1877  Keawekalohe sold to defendant, Trask, all of his land described in Land Commission Award, No. 3455, which had  not  been  conveyed to Kailua or Wright.   His conveyance carried the fee in  the  lane  to  Trask. In 1883 James Wright conveyed the lot he had  bought of Kea-wekalohe to defendant Trask and his wife.   The lane continued open and in use by  all  these  parties  until  1888, when it was closed by defendant by his building a cottage upon it.

The Commissioners of Private Ways were  applied to to order defendant to re-open the lane, and  after  hearing  the  evidence they ordered the lane opened by defendant.

### By the Court.

The Commissioners were right.   The general  doctrine is that "a grantor of land  describing  the  same  by  a  boundary on a street or way, if he be the owner of such adjacent land, is estop-ped from setting up any claim, or  doing  any  acts  inconsistent with the grantee's use of the  street or way;  and  such  estoppel would also apply to his heirs,  or  those  claiming  under  him." *Howe vs. Alger*, 4 Allen,  211.

This doctrine is not extended to a grantor,  merely  intending by the description to fix the boundaries, he not  having any in-terest in the soil of the street.   *Id.*

We have no hesitation in adopting this doctrine.

In Pennsylvania it is held that when a grantor sold and con-veyed lots, bounding them on an alley, he not only conveyed the use of the alley as appurtenant to the lots bounded thereon, but thereby dedicated it  to  public  use.   *Transue vs. Sell*, 105 Pa., 609.

Chief Justice Cooley, in  *Smith  vs.  Lock*, 18 Mich., 59, says: "The purchase of the lot  described  as  bounded  on a street es-tops the grantor from shutting it up so as to prevent his grantee making use of it for his own accommodation in  the  enjoyment

of his purchase. It is a matter of private right, and in no way depends upon the question whether the public have acquired a right of way or not." See *Parker vs. Smith*, 17 Mass., 413.

Appeal dismissed.

*W. O. Smith*, for plaintiff.

*W. C. Achi*, for defendant.